## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HULUS DOUGHTY (#747557)**     **CIVIL ACTION NO.**

**VERSUS**     **20-117-SDD-EWD**

**DARRELL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

HULUS DOUGHTY (#747557)                     CIVIL ACTION NO.

VERSUS                                       20-117-SDD-EWD

DARRELL VANNOY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Hulus Doughty ("Plaintiff"), who is representing himself and is incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims against Darrell Vannoy, Joseph LaMartinarre, Tim Delaney, Jimmy Cruze, Chad Oubre, and James Lablance (collectively "Defendants") be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted, except Plaintiff's claim based on inmates' unsupervised access to the microwave he alleges was used to heat the chemicals that burned him, which should be dismissed without prejudice, as described further below.

### I.    Background

Plaintiff instituted this action against Defendants pursuant to 28 U.S.C. § 1983 alleging Defendants violated his rights under the Eighth Amendment to the United States Constitution.[2] According to Plaintiff's allegations, on July 27, 2019, he was sleeping in his cell when another inmate, Dakota Theriot ("Theriot"), threw "a bowl of boiling hot magic shave and bleach on" Plaintiff, which caused "extensive" burns.[3] Plaintiff further alleges that his housing assignment in

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 4.

CCR[4] after he was burned did not allow for full recovery.[5] Plaintiff seeks monetary, and injunctive relief.[6]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[7] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[8] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[9] The law gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to

---

[4] "CCR" is closed cell restriction, which is basically the equivalent of solitary confinement.
[5] R. Doc. 1, p. 6.
[6] R. Doc. 1, p. 7.
[7] Plaintiff was granted permission to proceed *in forma pauperis* on March 27, 2020. (R. Doc. 4).
[8] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[9] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

2

pierce the veil of the factual allegations.[10] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[11]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[12] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[16]

### B. Plaintiff Has Failed to Allege Facts to Support Any Claims Against Defendants

#### 1. Official Capacity Claims Should Be Dismissed

Plaintiff sues Defendants in their official and individual capacities.[17] Plaintiff's claims against Defendants in their official capacities for monetary damages, does not state a claim as a matter of law. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because

---

[10] *Denton,* 504 U.S. at 32.
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[13] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[15] *Id.*
[16] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[17] R. Doc. 1, p. 1.

3

these officials are not seen to be "persons" within the meaning of § 1983.[16] In addition, in *Hafer v. Melo*,[17] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[18] Accordingly, any § 1983 claims asserted by Plaintiff against Defendants in their official capacities for monetary damages are subject to dismissal.[18]

### 2. Plaintiff Has Not Stated a Claim for Supervisory Liability

Though not explicitly stated by Plaintiff, it appears the persons named as Defendants are all named as a result of their supervisory roles, since, based on the facts of the Complaint, no named Defendant was personally involved with the events surrounding the attack on Plaintiff or his recovery from the burns he allegedly sustained.[19] In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the alleged constitutional violation.[20] Plaintiff has made no allegations of personal involvement on the part of any of the Defendants. Any implied allegation that Defendants are responsible for the actions of their subordinates or co-employees, who are not named, is alone insufficient to state a claim under § 1983.[21] Further, if the supervisory official has not personally participated in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the

---

[18] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).
[19] Plaintiff's only allegations are that the Defendants "had to agree…to Dakota placement in CCR" and that "defendants action of holding [Plaintiff] in CCR" after he was burned has not allowed him to "recover fully from being burned." R. Doc. 1, pp. 4 & 6. To the extent Plaintiff attempts to state claims regarding failure to protect and deliberate medical indifference, those claims are discussed below.
[20] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[21] *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

4

supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.[22] Plaintiff has not stated any alleged wrongful policies, enacted by any Defendant, that would be the moving force behind the constitutional violations about which he complains.[23]

### C. Plaintiff Is Not Entitled to Relief as to His Failure to Protect Claim for Placement of Dakota Theriot or for Plaintiff's Housing Assignment/Alleged Medical Indifference While Recovering; Plaintiff Should Be Given Leave to Amend as to His Claim Related to Unsupervised Use of the Microwave

Broadly interpreting Plaintiff's Complaint because he is *pro se,*[24] and assuming he intended to allege some personal involvement of some prison official, the facts currently alleged are insufficient to state a claim against Defendants, in their individual capacities, or any other prison officials, as discussed below.

### 1. Plaintiff Has Failed to State a Claim for Failure to Protect

Plaintiff alleges, generally, that Defendants are liable for failing to protect him because of the decision to house a mentally ill patient in Plaintiff's dorm and, to a lesser extent, because the an unsupervised microwave is available for inmates' use, which was used in the attack on Plaintiff.[25] Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[26] Although prison officials generally "have a duty ... to protect prisoners from violence

---

[22] *Lozano*, 718 F.2d 768.
[23] *Landry*, 2019 WL 5777755, at *2 ("[L]iability can be found to exist if a supervisory official implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights and may be seen to be the moving force behind a constitutional violation.")(citation omitted).
[24] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* complaints are to be liberally construed).
[25] Plaintiff clarifies in his Complaint that "[f]undamentally though the microwave is not the problem. The named defendants['] actions of placing known mental health prisoners in housing assignments with no regard for their mental health is the problem. R. Doc. 1, p. 5. Although Plaintiff also alleges the microwave has been used to commit other attacks. *Id.* ("There is a history of microwave being used for such attacks.")
[26] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

at the hands of other inmates,"[27] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[28]

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. This term has been defined as including an element of "subjective recklessness" as used in the criminal law.[29] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[30] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[31] In other words, for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[32] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[33] Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[34] Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[35]

---

[27] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[28] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[29] *Farmer*, 511 U.S. at 837.
[30] *Id.*
[31] *Id.* at 847.
[32] *Johnston*, 786 F.2d at 1259.
[33] *Farmer*, 511 U.S. at 837.
[34] *Id.* at 838. *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), *citing Farmer*, 511 U.S. at 838.
[35] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007)(citation omitted) ("General knowledge

Plaintiff alleges that Dakota Theriot was a parish pre-trial detainee awaiting trial for the "mass murder of 5 people" and that Theriot was transferred to LSP due to "violence and mental health issues."[36] Plaintiff's allegation that Defendants were deliberately indifferent, generally, for housing a dangerous person in his unit fails to state a claim. Placing an offender with a history of violence in a certain housing unit, without more, does not rise to the level of deliberate indifference,[37] and as discussed below, there is no other basis in Plaintiff's complaint to support a failure to protect claim.

Plaintiff has not alleged that any Defendant (or any prison official) was aware of facts to indicate that Theriot posed a specific risk to Plaintiff; for example, Plaintiff does not allege that Theriot and Plaintiff were in a prior altercation or that Theriot was on Plaintiff's enemy list. To the contrary, Plaintiff states "[t]his man and I had no issues at all with each other. Then suddenly out of the blue he burned me."[38] Plaintiff also suggests that Theriot should not have been placed in "CCR" with Plaintiff because CCR is not a mental health unit and alleges that Defendants failed to protect him "by placing this man on my tier without proper supervision by a mental health professional.[39] Plaintiff's allegations clearly indicate that he could not have predicted the attack. If Plaintiff could not have predicted the attack, prison officials could not either.[40] Even if Defendants or other prison officials had general knowledge that a mental health patient could be dangerous, that does not rise to the level of knowledge necessary to state an Eighth Amendment

---

about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[36] R. Doc. 1, p. 4.
[37] *See Robertson v. LeBlanc*, No. 13-171, 2014 WL 688979, at *5 (M.D. La. Feb. 20, 2013), citing *Verrette v. Major*, No. 07-547, 2011 WL 3269319 at *2 (W.D. La. July 29, 2011) (granting judgment as a matter of law in favor of defendant finding that even if defendant knew of the attacker's violent history, his actions of placing the attacker on the same work crew as the plaintiff could not rise to the level of deliberate indifference).
[38] R. Doc. 1, p. 4.
[39] R. Doc. 1, p. 4.
[40] *Jones v. Outlaw*, No. 14-219, 2015 WL 5098324, at *3 (N.D. Miss. Aug. 31, 2015).

claim. Plaintiff has not alleged that prison officials "consciously disregard[ed] a substantial risk of serious harm," and his claim for failure to protect arising from being housed in the same area as Theriot should be dismissed with prejudice as Plaintiff fails to state a claim with regard to any prison official under the facts alleged.[41]

To the extent Plaintiff complains that prison officials were deliberately indifferent to inmate safety by providing a microwave for unsupervised use,[42] his claims, as currently stated, fare no better. Even if the Court presumes Plaintiff was incarcerated under conditions posing a substantial risk of harm, his current Complaint fails to state specific facts to indicate any prison official was deliberately indifferent with respect to that risk, which in this case is the risk of being attacked with liquid that was heated in the unsupervised microwave. Though Plaintiff states "[t]here is a history of microwave being used for such attacks,"[43] he fails to state facts to indicate any prison official had knowledge of such attacks or provide any details to enable the Court to determine whether the risk to inmate health or safety was so longstanding and pervasive that prison officials must have been aware of this danger.[44] Because Plaintiff has not alleged facts sufficient to demonstrate that any prison official had subjective knowledge of the risk of attack from the use of the unsupervised microwave, he has failed to state a federal claim.[45]

---

[41] *Id.*, citing *Farmer*, 511 U.S. at 826 (citation omitted). Even if Plaintiff alleged that housing him in the same area as Theriot was a violation of Department of Corrections' policies, that would not establish a violation of a constitutional right. *See Vicks v. Packnett*, No. 18-556, 2020 WL 5083888, at *4 (M.D. La. July 7, 2020), *report and recommendation adopted*, No. 18-00556, 2020 WL 5084033 (M.D. La. Aug. 27, 2020) (citation omitted).
[42] R. Doc. 5, p. 1.
[43] R. Doc. 1, p. 5.
[44] Though a plaintiff may rely on circumstantial evidence to indicate a defendant was subjectively aware of a risk to inmate health or safety, Plaintiff, here, has failed to provide such circumstantial evidence. *Adames*, 331 F.3d at 512. Acceptable circumstantial evidence may include evidence that "the risk to inmate health or safety was so longstanding and pervasive that the official must have been aware of this danger." *Id.,* citing *Farmer*, 511 U.S. at 842-43. Though Plaintiff alleged a "history" of attacks using the microwave, this assertion does not indicate that the attacks were so longstanding and pervasive that prison officials were aware of the danger. Plaintiff does not provide dates of the other alleged attacks or any other details regarding the microwave being used for attacks. Thus, the conclusory assertion regarding a "history" of attacks is insufficient to indicate that prison officials were aware of any risk to inmate safety.
[45] *See Anderson v. Wilkinson*, 440 Fed. App'x, 379, 381–82 (5th Cir. 2011).

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[46] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[47] With regard to this claim, it does not appear that Plaintiff has pled his "best case" regarding unfettered inmate access to the microwave and the "history" of attacks. If Plaintiff does have facts to establish that such attacks were longstanding and pervasive, and he can name the individual(s) responsible for the decision to permit unsupervised access to the microwave, Plaintiff may be able to state a claim. Accordingly, dismissal of this claim should be without prejudice to Plaintiff's right to file an amended complaint that cures, if and where possible, the deficiencies with this claim.

### 2. Plaintiff Has Not Stated a Claim for Deliberate Indifference Regarding His Housing in CCR While Recovering

Plaintiff also alleges that once he was treated for his burns arising from the incident, he "was kept in CCR with no access to rehabilitative medical treatment or proper exercise to recover from [his] extensive burns."[48] Plaintiff alleges Defendants "action of continuing to hold [Plaintiff] in CCR after [his] burns has not allowed [him] to fully recover from being burned."[49] Plaintiff has not alleged that any medical professional assigned him a duty status to direct placement in a different dormitory.

Again, each Defendant named appears to be named due to his respective supervisory role, which ranges from Assistant Warden to Secretary of the Department of Corrections.[50] Plaintiff

---

[46] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. App'x. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[47] *Id.*
[48] R. Doc. 1, p. 6. Regardless of whether this claim is considered one of deliberate medical indifference or conditions of confinement, the standard is the same, and Plaintiff fails to state a claim. *See Folse v. Jones*, No. 08-717, 2008 WL 4909543, at *11 (W.D. La. Sept. 11, 2008) ("Medical care claims are analyzed under the same standard as conditions of confinement.").
[49] R. Doc. 1, p. 6.
[50] R. Doc. 1.

9

does not allege that any named Defendant serves as Plaintiff's medical provider or any facts to indicate any Defendant is a medical provider. It is clear from their titles that these individuals do not serve as medical providers at LSP and are not responsible for prescribing treatment to inmates, including Plaintiff. Thus, to the extent Plaintiff complains regarding the treatment rendered, or lack thereof, he fails to state a claim against any of the named Defendants, as these Defendants are not the medical professionals charged with prescribing treatment.[51] Even if Plaintiff had named a medical provider, Plaintiff does not appear to state a claim for deliberate medical indifference because he admits he was "treated for those burns."[52] Whether Plaintiff should have been provided additional treatment "is an example of an issue of subjective medical judgment."[53]

To the extent Plaintiff complains generally regarding being kept in CCR after the attack, he also fails to state a claim. Plaintiff does not provide any facts in support of the conclusory allegation that his housing assignment inhibited his recovery, and this claim appears to be essentially one of disagreement regarding the housing assignment. Inmates have no right to be housed in any particular section of the prison, and housing assignments and prisoner classification are matters squarely within the broad discretion of prison officials, free from judicial intervention, except in extreme circumstances.[54] To the extent the facts alleged amount to a disagreement regarding Plaintiff's assigned housing, Plaintiff fails to state a claim of constitutional dimension against any prison official.

---

[51] *See Luna v. Pearson*, No. 08-266, 2009 WL 1658406, at * 4 (S.D. Miss. June 11, 2009).
[52] R. Doc. 1, p. 6.
[53] *See Bohannan v. Doe*, 527 Fed. App'x. 283, 292 (5th Cir. 2013) (affirming dismissal of claim of deliberate indifference where issue because the decision regarding whether to provide additional treatment "is an example of an issue of subjective medical judgment.") (citation omitted).
[54] *See Tucker v. Royce*, Nos. 09-35, 09-106 & 10-04, 2011 WL 541116, *6 (N.D. Miss. Feb. 8, 2011) (dismissing claim that particular housing assignment constituted cruel and unusual punishment).

10

### 3. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims,[55] a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[56] In this case, having recommended that Plaintiff's federal claims be dismissed, it is further recommended that the exercise of supplemental jurisdiction over any state law claims be declined.[57]

### RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction over any state law claims be declined and that Plaintiff's federal claims be **DISMISSED, WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[58] with the exception of Plaintiff's claim as a result of unfettered inmate access to a microwave that was used in the attack against him, which claim should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file within twenty-one (21) days of the adoption of this Report and Recommendation, an amended complaint that cures, if and where possible, the deficiencies as

---

[55] *See* R. Doc. 1, p. 9. Plaintiff has attempted to state a claim for assault and battery pursuant to Louisiana law.
[56] 28 U.S.C. § 1367.
[57] To the extent Plaintiff is able to revive his claim regarding unsupervised inmate access to the microwave, it remains appropriate to decline to exercise supplemental jurisdiction, as the remaining federal claim would require a wholly separate and distinct analysis than any potential state court claim, which would likely be rooted in negligence.
[58] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this report and recommendation be adopted and should Plaintiff fail to adequately amend his complaint, dismissal of this action will count as a strike.

outlined here with respect to this claim. In the event Plaintiff fails to adequately amend his Complaint within the timeframe provided, it is recommended that this claim also be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**